Fabricant, Judith, J.
This action arises from a building lease for a luxury hotel in a historic building in downtown Dallas, Texas. The plaintiff-lessor, Dallas Commerce Associates Limited Partnership (DCA), claims that the defendant-lessee, Adolphus Associates (AA),[1] and its members, West Group-Dallas Ltd. (WG) and Metropolitan Life Insurance Company (MetLife), breached the lease by failing to return the building at the conclusion of the lease in the condition required by the lease. In addition to breach of contract based on that allegation, DCA’s complaint also seeks declarations regarding its rights with respect to a ballroom and conference area constructed by the lessee, and regarding its right to offset the judgment it hopes to obtain against its obligations under a note to the lessee. The complaint also seeks to hold Metlife responsible for the claimed liability of Adolphus, based on a guaranty provided by Metlife. All defendants have moved to dismiss; all three argue forum non conveni-ens, and WG also argues lack of personal jurisdiction. After hearing, having reviewed all materials submitted and considered the arguments of counsel, the Court concludes that the action should be dismissed on the ground of forum non conveniens. The Court therefore will not reach the question of personal jurisdiction over WG.
“When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.” G.L.c. 223A, §5. “The decision to refuse to hear a case on the ground of forum non conveniens is left to the discretion of the trial judge.” Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168 (1981) (citation omitted); see also New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 94-96 (1967) (discussing factors for determining whether dismissal is appropriate).
Here, the principal subject matter of the dispute is the physical condition of a historic building in the downtown area of Dallas, including features of the building implicating safety and environmental concerns. As to that topic, the interests of Texas and its potential jurors surely exceed those of Massachusetts and its jurors. Moreover, it appears inevitable that many if not most of the witnesses with relevant knowledge are likely to be in Texas, not in Massachusetts. A Texas court, particularly one in Dallas, could, if appropriate, take a view of the premises; a Massachusetts court could not. The lease, which governs the rights and obligations of the parties, specifies that it is governed by Texas law, in which a Texas Court is likely to have considerably more expertise than this Court. Each of these factors favors litigation of the dispute in Texas.
As the plaintiff points out, its choice of forum warrants substantial deference. Moreover, DCA is a Massachusetts business entity; at least two of the *589 three defendants have or have had substantial ties to Massachusetts; and some potential witnesses are in Massachusetts. In addition, the MetLife guaranty designates Massachusetts law as governing. These factors, in the Court’s view, do not outweigh those favoring Texas. The claim under the guaranty is effectively derivative of the claim under the lease; unless DCA prevails on its breach of contract claim, no obligation will arise under the guaranty. The breach of contract claim, as discussed supra, depends primarily on the physical condition of the building. That is an issue most properly litigated in Texas
CONCLUSION AND ORDER
For the reasons stated, the Motion to Dismiss of Defendants the Adolphus Associates and Metropolitan Life Insurance Company, and the Motion of Defendant West Group-Dallas, Ltd. to Dismiss on Grounds of (i) Lack of Personal Jurisdiction; and (ii) Forum non Conveniens are ALLOWED, without prejudice to re-filing in a court of Texas. The Plaintiffs Cross-motion to Stay Determination of Motion to Dismiss Pending Completion of Jurisdiction-based Discovery is DENIED.

 The plaintiffs Amended Complaint asserts that The Ad-olphus Associates is a joint venture. The Adolphus Associates’s motion to dismiss states that it is a general partnership. The distinction is unimportant for purposes of the present motions.